UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CV-80281-ROSENBERG/HOPKINS

THERESA PEER,

    Plaintiff,

v.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

    Defendant.
_____/

## ORDER DENYING, AS MOOT, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Plaintiff Theresa Peer's Motion for Summary Judgment [DE 17], and Defendant Liberty Life Assurance Company of Boston's ("Liberty Life") Motion for Summary Judgment, [DE 29]. The Court has carefully reviewed the motions, the responses and replies, and is otherwise fully advised in the premises. For the reasons set forth below, the Motions are **DENIED AS MOOT.**

### I.     INTRODUCTION[1]

Plaintiff filed this action pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 ("ERISA") seeking a disability-based waiver of premium of a group life insurance policy pursuant to 29 U.S.C. § 1132(a)(1)(B). Peer is a participant in an employee welfare benefit plan (the "Plan") established and maintained by her employer, Novo Nordisk, Inc. Liberty Life insures life benefits under the Plan, pursuant to a Group Life Insurance Policy (the "Policy").

---

[1] Unless otherwise indicated, the facts set forth herein are taken from the parties' statements of undisputed material facts filed in support of their respective motions and responses [DE 18, 26].

The Policy contains a Waiver of Premium benefit, whereby Liberty Life continues a Plan participant's life insurance coverage at no cost to the participant upon a finding of disability and satisfaction of certain terms and conditions (the "Waiver of Premium"). Plaintiff sought a Waiver of Premium, which Liberty initially denied by letter dated July 14, 2016. Plaintiff requested information from Liberty Life regarding the denial of her request for the Waiver of Premium and filed an appeal on November 15, 2016. Liberty denied Plaintiff's appeal by letter dated January 23, 2017.

Plaintiff filed this action on March 7, 2017 seeking an award of the Waiver of Premium benefit, an order clarifying and enforcing her rights to future Waiver of Premium benefits under the terms of the Plan, and an order requiring Liberty Life to provide a "reasonable claims procedure" with regard to future claims for the Waiver of Premium benefit. *See* Compl. [DE 1] ¶ 4. After Plaintiff filed her Complaint, Liberty Life administratively reversed its denial of Plaintiff's claim for Waiver of Premium benefit, approved the Waiver of Premium, and reinstated her Policy benefits retroactive to their prior termination. *See* Decl. of L. Marcus, Ex. A to Def.'s Resp. [DE 27-1]; Decl. of P. McGee, Ex. B to Def.'s Resp. [DE 27-2]; Aug. 4, 2017 Ltr. from Liberty Life to P. Sullivan [DE 27-5]. Before the Court are the parties' cross-motions for summary judgment.

## II.    DISCUSSION

### A.    The Summary Judgment Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247-48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in favor of that party. *See Shiver*, 549 F.3d at 1343.

**B.      Plaintiff's Claim for an Award of the Waiver of Premium Benefit is Moot**

On July 18, 2017, Plaintiff filed her Motion for Summary Judgment, seeking an award of the Waiver of Premium benefit. Mot. [DE 17] at 1, 20. Plaintiff argues that Defendant's denial of

the Waiver of Premium was wrong because she was totally disabled for the six months immediately following her last day of active employment on October 9, 2015, as required under the Policy for entitlement to a Waiver of Premium. Plaintiff also argues that Defendant violated ERISA regulations by its claims procedures, in particular by its responses to Plaintiff's requests for documents in connection with her appeal of the Waiver of Premium denial. As a result, Plaintiff contends that she has "demonstrated her entitlement to the Waiver of Premium benefit." Mot. at 20.

Notably, Plaintiff's Motion was filed before Liberty Life reversed its denial of her Waiver of Premium and approved the benefit. Thus, in response to Plaintiff's Motion, Defendant argues that Plaintiff's claims are now moot. Defendant points out that Plaintiff's motion does not seek adjudication on the question of Plaintiff's future right to benefits or her request for a claims process in the future. *See* Def.'s Resp. [DE 27] at 2. Plaintiff does not refute this contention and the Court agrees that Plaintiff's Motion, though not styled a motion for *partial* summary judgment, seeks only judgment on her request for an award of the Waiver of Premium. Thus, the only issues for the Court on Plaintiff's Motion for Summary Judgment are whether Plaintiff is entitled to a Waiver of Premium and whether that claim is moot.

Federal courts may only decide claims that present actual controversies. *Engelhardt v. Paul Revere Life Ins. Co.*, 77 F. Supp. 2d 1226, 1234 (M.D. Ala. 1999) (citing U.S. Const. Art. III, § 2; *Allen v. Wright*, 468 U.S. 737, 750 (1984)). A claim becomes moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief," *Ethredge v. Hall*, 996 F.2d 1173, 1175 (11th Cir. 1993), or "when the parties have no 'legally cognizable interest' in the outcome of the litigation," *Westmoreland v. Nat'l Trans. Safety Bd.*, 833 F.2d 1461, 1462-63 (11th Cir. 1987). "Whether the parties have a legally cognizable interest depends

on what relief the court may grant: if intervening events have made it 'impossible . . . .to grant effectual relief,' the claim is moot." *Engelhardt*, 77 F. Supp. 2d at 1234 (quoting *Aquamar, S.A. v. Del Monte Fresh Produce, N.A., Inc.*, 179 F.3d 1279, 1287 (11th Cir. 1999)).

In her Motion, Plaintiff asks the Court to award her a Waiver of Premium. It is undisputed that, after Plaintiff commenced this lawsuit (and after she filed her Motion), Liberty Life reversed its prior denial and approved Plaintiff's claim for a Waiver of Premium, granting her that Waiver and reinstating her coverage. Therefore, because Plaintiff has received the relief she sought and there is no further relief that the Court can award Plaintiff on her claim for an award of the Waiver of Premium benefit, the Court finds that Plaintiff's motion must be denied as moot. *See Pakovich v. Verizon LTD Plan*, 653 488, 492 (7th Cir. 2011) ("[Plaintiff's] benefit claim became moot when the Plan paid it in full"); *Engelhardt*, 77 F. Supp. 3d at 1234 (denying plaintiff's claim for past benefits as moot because plaintiff was paid all past benefits owed and, therefore, there was no further relief the court could award on that claim); *Lamuth v. Hartford Life & Acc. Ins. Co.*, 30 F. Supp. 3d 1036, 1044 n.3 (W.D. Wa. 2014) (concluding that claim for clarification of specific right to future benefits was not moot but dismissing claim for past benefits as moot: "Given that [defendant] has awarded [plaintiff] benefits and rendered payment, the Court concludes that her claims seeking the payment of benefits are properly dismissed as moot. There is simply no relief for the court to award on such a claim.").

**C.   Defendant's Motion for Summary Judgment is Denied**

Defendant filed a cross-Motion for Summary Judgment [DE 29] on December 18, 2017. In the Motion, Defendant raises no new arguments and presents no new evidence, merely adopting its memorandum of law in opposition to Plaintiff's Motion. Although Defendant's Motion is not expressly limited to the claims in Plaintiff's Motion, Defendant's Motion does

nothing more than incorporate Defendant's opposition, which repeatedly noted the limited scope of Plaintiff's motion and the claims for relief addressed therein. Thus, the Court denies as moot Defendant's motion with regard to Plaintiff's claim for a Waiver of Premium. Moreover, there is a lack of clarity as to what Defendant seeks due to Defendant's choice to merely adopt its opposition to Plaintiff's limited motion as its own affirmative request for relief. To the extent Defendant intended to request summary judgment on any other claims, the Court finds that Defendant has failed to carry its burden of demonstrating its entitlement to judgment on those claims at this time.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment [DE 17] is **DENIED AS MOOT** and Defendant's Motion for Summary Judgment [DE 29] is **DENIED AS MOOT** as to Plaintiff's claim for a Waiver of Premium and **DENIED** as to all other claims.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 5th day of February, 2018.

Copies furnished to:
Counsel of Record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE