UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-CV-80281-ROSENBERG

THERESA E. PEER,

    Plaintiff,

v.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

**THIS CAUSE** is before the Court on Defendant's Motion for Judgment on the Pleadings [DE 66]. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted.

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings once the pleadings are closed. Judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law. *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996). "Rule 12(c) is a vehicle for summary adjudication, but the standard is like that of a motion to dismiss." *Durkin v. Shields*, 1997 WL 808651, *8 (S.D. Cal. 1997) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Thus, when reviewing a motion for judgment on the pleadings, facts in the complaint must be construed as true and viewed in the light most favorable to the nonmoving party. *Ortega*, 85 F.3d at 1524. Under this standard, a judgment should be entered for the defendant if "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 (2d Cir. 1977).

Plaintiff's Amended Complaint contains two counts.  Count I alleges a claim for a waiver of premium benefit that the Court has already dismissed as moot.  *See* DE 63, 40.  Plaintiff's Count II seeks adjudication as to whether and how Defendant will handle her waiver of premium requests in the future.

Defendant argues that, pursuant to Plaintiff's Amended Complaint and the Court's prior rulings, there is no present controversy for the Court to adjudicate.  The Court agrees.  Plaintiff's prior request for a waiver is moot.  There is no pending adverse benefit determination for Plaintiff to contest.  As for Plaintiff's worries about the future, the Court cannot glean from the Amended Complaint any *vested* interest Plaintiff may have in any future benefit.  Pursuant to Article III of the Constitution, a federal court's subject matter jurisdiction is limited to cases and controversies. U.S. Const. art. III, § 2; *United States Nat'l Bank v. Indep. Ins. Agents of Am.*, 508 U.S. 439, 446 (1993); *Rodos v. Michaelson*, 527 F.2d 582, 584 (1st Cir.1975). "[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). The Court's judgment must resolve a real and substantial controversy.  *Id.*  Here, Plaintiff seeks an advisory opinion on how her rights should be adjudicated if Defendant renders an adverse benefit determination in the future.  That is not a proper basis for this Court to exercise its jurisdiction, and Plaintiff cites to no authority and develops no persuasive argument to the contrary.[1]  There is no case or controversy between the parties.  The time for further amended complaints in this case has long since passed.

---

[1] Plaintiff's Amended Complaint fails for other reasons as well described by Defendant at docket entry 66 and docket entry 68.  The Court adopts and incorporates all of Defendants' arguments and reasoning into this Order to further substantiate its decision.

The Court addresses one final matter: Plaintiff's request for attorney's fees.  Pursuant to the Court's standard procedure, the Court will not take up any motion for fees or costs until after the time to appeal has expired or after the return of an appellate mandate, whichever is sooner.

For all of the foregoing reasons, Defendant's Motion for Judgment on the Pleadings [DE 66] is **GRANTED**.  The Clerk of the Court shall **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of July, 2018.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE