# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

FILED BY ____AP____ D.C.
Apr 18, 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

For rules and forms visit
www.ca11.uscourts.gov

April 18, 2019

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 18-13173-EE
Case Style: Theresa Peer v. Liberty Life Assurance Company
District Court Docket No: 9:17-cv-80281-RLR

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 18-13173

_____

District Court Docket No.
9:17-cv-80281-RLR

THERESA E. PEER,

                                              Plaintiff - Appellant,

versus

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

                                              Defendant - Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: February 08, 2019
For the Court: DAVID J. SMITH, Clerk of Court
By: Jeff R. Patch

**ISSUED AS MANDATE 04/18/2019**

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13173
Non-Argument Calendar
_____

D.C. Docket No. 9:17-cv-80281-RLR

THERESA E. PEER,

                                                                        Plaintiff - Appellant,

versus

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

                                                                         Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 8, 2019)

Before WILLIAM PRYOR, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Theresa Peer filed suit against Liberty Life Assurance seeking life-insurance benefits under her employee welfare benefit plan, which is governed by the Employee Retirement Income Security Act of 1974. 29 U.S.C. § 1001, *et seq*. Specifically, she sought both (1) a ruling enforcing the plan's Waiver of Premium provision—which permits a covered person who becomes "Totally Disabled" while insured to remain eligible for coverage without paying premiums—and (2) a declaration that she had provided sufficient information to Liberty to be deemed Totally Disabled as defined by the terms of her plan. After Peer filed suit, Liberty administratively reversed its earlier denial of Peer's claim for her Waiver of Premium benefit. Liberty approved the waiver and reinstated Peer's policy benefits retroactively such that there was no gap in coverage. In response to Liberty's motion for summary judgment, the district court dismissed as moot Peer's Waiver of Premium claim and, having done so, denied Peer's motion.

Peer then filed an amended complaint asserting two counts, one of which merely restated the Waiver of Premium claim that the district court had already held to be moot, and the other of which sought an "adjudication as to whether and how [Liberty] will handle her waiver of premium requests in the future." After dismissing the first count as controlled by its earlier decision, the district court then granted Liberty judgment on the pleadings on the second count. It held that Peer's

2

request for declaratory relief regarding a future-benefits determination did not present a live case or controversy and called for an advisory opinion.

Peer now appeals both the district court's rejection of her Waiver of Premium claim as moot and that court's determination that her declaratory-judgment claim regarding future premiums did not present a live case or controversy.

We first address the denial of Peer's Waiver of Premium claim.[1] Peer states in her complaint—and reiterates on appeal—that she seeks a determination of life-insurance coverage pursuant to the plan's Waiver of Premium provision. But as the district court correctly held, the claim is moot because Liberty reversed its initial adverse benefits determination and reinstated Peer's coverage. Accordingly, Peer has already received the relief that she seeks, and "there is no further relief that the Court can award [Peer] on her claim for an award of the Waiver of Premium benefit." *See Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011) (holding that "[Plaintiff's] benefit claim became moot when the Plan paid it

---

[1] Having concluded that Peer's Waiver of Premium claim was moot, the district court proceeded to deny Liberty's motion for summary judgment. We review the denial of a motion for summary judgment—if deemed appealable following a final judgment—for an abuse of discretion. *See Wilson v. Attaway*, 757 F.2d 1227, 1235 n.1 (11th Cir. 1985). We review *de novo* the issues of mootness and standing. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (citation omitted); *Troiano v. Supervisor of Elections in Palm Beach Cty.*, 382 F.3d 1276, 1282 (11th Cir. 2004) (citation omitted).

in full"). The district court did not err in denying Peer's Waiver of Premium claim; she had already received the benefit retroactively without a gap in coverage.

Peer next contends that the district court improperly dismissed—as failing to present a live case or controversy—her request for a declaration of future benefits under 29 U.S.C. § 1132(a)(1)(B) (providing that a beneficiary may bring a civil action "to clarify [her] rights to future benefits"). She contends that *Lamuth v. Hartford Life & Accident Insurance Co.* supports the position that receipt of plan benefits does not moot a claim for a declaration of future benefits. 30 F. Supp. 3d 1036 (W.D. Wash. 2014). In *Lamuth*, the plaintiff sought "a declaration as to when she was first disabled … so as to avoid further conflict with regard to the Pre-existing Conditions Limitation."[2] *Id.* at 1047. Peer's argument is different; rather than seeking a post-administrative-review determination of when *past* coverage was triggered, however, Peer requests a declaration as to her *future* eligibility. Before that claim ripens, Peer must first be deemed *not* "Totally Disabled" and that decision must then be administratively reviewed by Liberty. *See Heimeshoff v. Hartford Life Acc. Ins. Co.*, 571 U.S. 99, 105 (2013) ("A participant's cause of action under ERISA … does not accrue until the plan issues

---

[2] In *Lamuth*, the claimant sought "a declaratory ruling as to when she first became disabled under the Policy" because the insurer "continu[ally] … reverse[d] its position on th[e] issue" through the administrative review process and subsequent litigation. 30 F. Supp. 3d at 1038. The claimant there requested a declaration on a claim "that had been exhausted and repeatedly subject to dispute." *Id.* at 1046. Peer, by contrast, seeks a declaration as to her future eligibility.

4

a final denial."). Absent an adverse benefits determination, there is no ripe claim before us. As the district court observed, we "fail[] to see … how the Court may adjudicate [Peer's] disability status in the future."

Finally, Peer asserts that "[t]he district court abused its discretion in failing to apply judicial estoppel" to bar Liberty's contention that the case-or-controversy requirement precludes declaratory relief under 29 U.S.C. § 1132(a)(1)(B). "[D]istrict court[s] may apply judicial estoppel when a two-part test is satisfied." *Slater v. United States Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2017) (en banc). Specifically, judicial estoppel may be appropriate when the party against whom the doctrine is applied (1) has taken an inconsistent position from one staked out in a separate proceeding and (2) "intended to make a mockery of the judicial system." *Id.* In *Sand-Smith v. Liberty Life Assurance Co. of Boston*, Peer claims, Liberty removed a case from state to federal court when the claimant sought a judicial declaration regarding an ERISA plan on the ground that the suit presented a federal question over which the federal court had jurisdiction. *See* 2017 WL 4169430, at *2 (D. Mont. Sept. 20, 2017). Liberty's acknowledgment that a declaratory judgment regarding the ERISA plan in that case presented a justiciable controversy does not trigger judicial estoppel here. Liberty has never contended that all requests for judicial declarations are justiciable. Rather, it has consistently argued that declarations are proper under ERISA so long as there is a live case or

5

controversy between the parties.  Whereas the claimant in *Sand-Smith* had suffered an adverse benefits determination, *see id.*, Peer has not.³  Moreover, and in any event, we find no indication that Liberty is intending to make a mockery of the judicial system.  Peer's judicial estoppel claim fails on both prongs.

We **AFFIRM** the judgment of the district court.

---

³ The same reasoning holds for the second case presented by Peer: In *Vaccaro v. Liberty Life Assurance Co. of Boston*, the claimant appealed her benefits classification.  The remainder of the case was mooted when Liberty determined the claimant was disabled and awarded past-due benefits.  *See Vaccaro v. Liberty Life Assurance Co. of Boston*, 2017 WL 5564910 (N.D. Cal., Nov. 20, 2017).

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 08, 2019

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 18-13173-EE
Case Style: Theresa Peer v. Liberty Life Assurance Company
District Court Docket No: 9:17-cv-80281-RLR

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Elora Jackson, EE at (404) 335-6173.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs