UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No.: 17-cv-80281-DIMITROULEAS/MATTHEWMAN

THERESA PEER,

    Plaintiff,

vs.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

    Defendant.
_____/

FILED BY KJZ D.C.
Jan 18, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S RENEWED AND RESTATED MOTION FOR AWARD OF ATTORNEY'S FEES [DE 98]

THIS CAUSE is before the Court upon Defendant, Liberty Life Assurance Company of Boston n/k/a Lincoln Life Assurance Company of Boston's ("Liberty Life") Renewed and Restated Motion for Award of Attorney's Fees ("Motion") [DE 98]. As discussed more thoroughly below, this matter is now fully ripe for review. This matter was referred to the undersigned United States Magistrate Judge by United States District Judge William P. Dimitrouleas.[1] [DE 108]. For the reasons that follow, the Undersigned **RECOMMENDS** that the Motion be **DENIED**.

### I.     BACKGROUND

Liberty Life provides benefits, including the at-issue disability-based benefit under a group life insurance policy issued by Liberty Life. [DE 50 ¶ 6]. Under the policy's provisions,

---

[1] On June 8, 2021, United States District Judge Robin L. Rosenberg entered an Order of Recusal and this case was reassigned to United States District Judge William P. Dimitrouleas pursuant to 28 U.S.C. § 455 and Internal Operating Procedure 2.16.00. [DE 105].

1

policyholders who are totally disabled are entitled to a waiver of policy premiums for the duration of their disability. *Id.* ¶ 7. Liberty Life denied Peer this benefit after determining that she was not disabled from "any occupation." *Id.* ¶¶ 24-25. Peer hired attorney Paul M. Sullivan, Jr., ("Mr. Sullivan") as counsel to appeal that adverse benefits determination, but the decision was upheld on administrative appeal. *Id.* ¶¶ 13, 34,

Peer then filed a lawsuit on March 7, 2017 against Liberty Life, seeking both (1) a ruling enforcing the plan's Waiver of Premium provision—which permits a covered person who becomes "Totally Disabled" while insured to remain eligible for coverage without paying premiums—and (2) a declaration that she had provided sufficient information to Liberty Life to be deemed Totally Disabled as defined by the terms of her plan. [DE 1]. On July 18, 2017, Peer filed a motion for summary judgment. [DE 17].

Five months after Peer filed her lawsuit, and with Peer's motion for summary judgment pending, Liberty Life administratively reversed its earlier denial of Peer's claim for her Waiver of Premium benefit, and it approved the waiver and reinstated Peer's policy benefits retroactively such that there was no gap in coverage. [DE 21]. Liberty Life advised the Court of this in its response to Peer's motion for summary judgment filed on August 2, 2021. *Id.* The Court ordered additional and better briefing on summary judgment by both parties in light of this new development in the case. [DE 22; DE 24]. On December 21, 2017, Liberty Life ultimately filed its own motion for summary judgment. [DE 30]. With these issues pending before the Court, the parties also attended mediation on January 11, 2018 which resulted in an impasse. [DE 38].

On February 5, 2018, the District Court entered an Order Denying, As Moot, Plaintiff's Motion For Summary Judgment And Defendant's Motion For Summary Judgment. [DE 40]. The

2

following day, the Court *sua sponte* entered an Order Directing Plaintiff To File Statement Of Remaining Issues For Determination In This Matter, which directed Peer to identify any remaining issues for the Court's determination. [DE 41]. After reviewing Peer's response, the Court held that each issue identified was either rendered moot by the reinstatement of coverage under a waiver of premium or was "confusingly intertwined" with the mooted issues. [DE 46]. As a result, the Court closed the case, and "exercise[d] its discretion to permit Plaintiff to file an amended complaint . . . as a result of Defendant's change in position while this case was pending." *Id.* at 4.

On February 16, 2018, Peer filed an amended complaint with sixty-three paragraphs explaining Peer's position and requesting various relief in light of the change in circumstances in the case. [DE 47]. The amended complaint also incorporated by reference all forty-six paragraphs of her original complaint. *Id.* The Court struck the amended complaint for failing to comply with the Court's Local Rules that prohibit incorporating previous pleadings without restating the averments. [DE 49]. On February 17, 2018, Peer filed a second amended complaint. [DE 50].

The Court issued an order asking Mr. Sullivan whether the case presented questions of law, capable of resolution on summary judgment, or whether only factual issues remained. [DE 52]. Mr. Sullivan responded that legal issues remained for the Court to address. [DE 54]. The Court set a status conference which took place on April 5, 2018. [DE 63; DE 64]. During the status conference, the Court dismissed the claims in Count I and granted judgment on the pleadings as to Count II. [DE 63; DE 69]. The Court held Count I was moot and Count II was not ripe because Peer was seeking an advisory opinion about her rights if Liberty Life were to render an adverse benefits determination in the future. [DE 69].

Peer appealed both the District Court's rejection of her Waiver of Premium claim as moot

3

and the District Court's determination that her Declaratory Judgment claim regarding future premiums did not present a live case or controversy. [DE 70]. The Eleventh Circuit Court of Appeals *per curiam* affirmed in a six-page written opinion. [DE 77].[2] The Eleventh Circuit found that the legal authority relied upon by Peer in support of the position that receipt of plan benefits does not moot a claim for a declaration of future benefits was distinguishable from Peer's case, and that any claim for adjudication of the right to future benefits was unripe. *Id.*

Both Liberty Life and Peer moved for attorney's fees under 29 U.S.C. § 1132(g)(1). [DE 71; DE 48; DE 86]. On August 9, 2019, the Court entered an Order Granting In Part And Denying In Part Plaintiff's Motion For Attorney's Fees And Granting Defendant's Motions For Attorney's Fees ("Fees Order"). [DE 88]. In the Fees Order, the Court awarded Peer attorney's fees for work performed from the commencement of her suit until her policy was reinstated. *Id.* The Court awarded Liberty Life attorney's fees incurred for any work performed after the reinstatement of Peer's policy, including fees for litigating the appeal. *Id.* The Court directed Liberty Life to pay Peer's fees, and Mr. Sullivan, not Peer, to pay Liberty Life's fees. *Id.* The Court entered the fee award against Mr. Sullivan for two reasons: (1) if Mr. Sullivan "had brought [Peer's] claims with cogent clarity, this case would have ended soon after August 2, 2017,"[3] but Mr. Sullivan kept the Court in a "systemic state of confusion" and caused Liberty Life to expend "considerable resources"; and (2) Mr. Sullivan had thirty years of ERISA experience and "should have known

---

[2] *See also Peer v. Liberty Life Assur. Co. of Boston*, 758 F.App'x 882 (11th Cir. 2019) (unpublished).

[3] As discussed *supra*, August 2, 2017 is the date that Liberty Life filed its response to Peer's motion for summary judgment [DE 21], which informed that Liberty Life administratively reversed its earlier denial of Peer's claim for her Waiver of Premium benefit, and approved the waiver and reinstated Peer's policy benefits retroactively. [DE 21].

4

that [Peer's] case was moot and that there was no further justiciable controversy between the parties." *Id.*

Peer filed a motion to alter judgment as to the Fees Order [DE 89], which was denied the same day [DE 90]. Mr. Sullivan timely appealed [DE 91], and Liberty Life cross-appealed the Fees Order, arguing that the Court erred in assessing attorney's fees solely against Mr. Sullivan but not Peer. [DE 94].

In its 13-page written opinion, the Eleventh Circuit reversed and remanded. [DE 97].[4] The Eleventh Circuit noted that the issue on appeal was "a question of first impression that has split the district courts within and without this circuit[,]" and the Court "agree[d] with [Mr.] Sullivan that ERISA's fee-shifting provision in Section 1132(g)(1) cannot support a fee award against counsel." [DE 97 at 4]. In disagreeing with Liberty Life's position, the Eleventh Circuit found that the District Court did not have the discretion under ERISA's fee-shifting statute to require an attorney to pay another party's fees. [DE 97 at 6]. The Eleventh Circuit explained that, "[w]hen attorney sanctions are appropriate, as they may be in this case, it is important that a district court apply the right test and follow the proper procedures. The law imposes a relatively high bar to sanction an attorney for his or her litigation choices …." *Id.* at 12. The Eleventh Circuit stated that "when a lawyer goes beyond mere representation and advocacy into sanctionable or otherwise vexatious conduct, a court must afford due process to that lawyer …. We cannot skirt these substantive and procedural requirements by shoehorning counsel into an ill-fitting fee-shifting statute." *Id.* The Eleventh Circuit instructed that, "[o]n remand, the court may consider whether a fee award is appropriate against Peer under ERISA or against Peer or [Mr.] Sullivan under another

---

[4] *See also Peer v. Liberty Life Assurance Co. of Boston*, 992 F.3d 1258 (11th Cir. 2021).

statute, rule, or the court's inherent authority." *Id.* at 2. The Eleventh Circuit declined to decide whether this Court should exercise its discretion to sanction Mr. Sullivan for his conduct in the District Court and whether any such an award should be broadened to apply against Peer. *Id.* at 13.

Thereafter, Liberty Life filed the instant Motion. [DE 98]. The Undersigned has reviewed the Motion, the Fees Order [DE 88], the Eleventh Circuit opinions [DE 77; DE 97], the Response to the Motion [DE 102], the motions to withdraw filed by Mr. Sullivan, and the orders granting those motions [DE 103, DE 104, DE 109], Liberty Life's Amendment to Motion for Attorneys' Fees [DE 107], and Liberty Life's Reply in support of its Motion [DE 111]. After the Undersigned's review, on October 6, 2021, additional briefing was deemed appropriate and ordered by the Undersigned, requiring clarification of Mr. Sullivan's position as to the appropriateness of a fee award against him and his firm, especially since the Motion had been amended, Mr. Sullivan had withdrawn from this case, and his prior Response to the Motion did not sufficiently address whether sanctions against him and his law firm were appropriate under § 1927 and the inherent power of the Court given the prior findings of the District Judge and the Eleventh Circuit. [DE 113]. Pursuant to the Court's order, Mr. Sullivan filed a Response [DE 117] and Liberty Life filed a Reply [DE 118].

## II.     DISCUSSION

In its Motion, Liberty Life seeks its "reasonable attorney's fees incurred in the successful defense of the above-styled litigation after the case was mooted by Liberty Life's voluntary reinstatement of [Peer's] claimed benefits, pursuant to 29 U.S.C. § 1132(g), 28 U.S.C. § 1927 and the Court's inherent authority." [DE 98 at 1]. The Motion initially requested that the award be

"payable jointly and severally by Peer (under 29 U.S.C. § 1132(g)) and [Mr.] Sullivan (under 28 U.S.C. § 1927 and the Court's inherent authority)." *Id.* at 3. However, Liberty Life has since abandoned its request for attorney's fees against Plaintiff Peer and only seeks attorney's fees against Mr. Sullivan. [DE 107]. In requesting attorney's fees against Mr. Sullivan, Liberty Life points to the facts and reasoning within the Court's prior Fees Order for its position that "this Court should maintain the previous award of fees against [Mr.] Sullivan, basing such award on 28 U.S.C. §1927 and the court's inherent authority, rather than on 29 U.S.C. §1132(g)." *Id.* at 8.

As an initial matter, to the extent Liberty Life argues that the Court is now bound to the analysis in the prior Fees Order [DE 88], that argument is flatly rejected. The Court's reasoning in the Fees Order was based upon the parties' filings, arguments, and the record through the lens of, and what was ultimately held to be, an impermissible legal theory that an award of fees against Mr. Sullivan was proper under ERISA's fee-shifting statute. In so doing, the Court considered the *Hummell* factors, which are used to determine whether to grant attorney fees under the civil enforcement provision of ERISA. [DE 88 at 10-13][5]; *see also* DE 88 at 12 ("The purpose of fee awards under ERISA is to deter conduct that does not fulfill the purpose of ERISA.") (internal quotations and citation omitted). This is not the analysis and standard applicable to sanctioning

---

[5] The *Hummell* factors include: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir.1980). "None of the *Hummell* factors is 'necessarily decisive'; various permutations and combinations can support an award of attorney fees." *Paddack v. Morris*, 783 F.2d 844, 846 (9th Cir.1986). Section 1132(g)(1) provides a "level playing field;" that is, analysis must "focus only on the *Hummell* factors, without favoring one side or the other." *Estate of Shockley v. Alyeska Pipeline Serv. Co.*, 130 F.3d 403, 407 (9th Cir.1997).

7

counsel and awarding fees under 28 U.S.C. § 1927 and the Court's inherent authority, which requires the Court to view the facts and arguments within their proper, respective standards, detailed *infra*. *See Peer*, 992 F.3d at 1264–65 ("[R]eading this provision [ERISA's fee-shifting statute] to allow an award of fees against a lawyer would circumvent procedures to sanction attorney misconduct. When attorney sanctions are appropriate, . . . it is important that a district court apply the right test and follow the proper procedures."). Accordingly, the analysis in the prior Fees Order is not adopted by the Undersigned in the instant Report and Recommendation and the Undersigned will evaluate whether a fee award against Mr. Sullivan is warranted under the applicable standards detailed *infra.*

The Undersigned now turns to whether a fee award against Mr. Sullivan is appropriate in this case. It is clearly established that this Court has the authority to award fees against Mr. Sullivan under 28 U.S.C. § 1927 or under the Court's inherent authority. *See Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1237–38 (11th Cir. 2007). The burden of proof for imposing fees as a sanction under the Court's inherent authority and under 28 U.S.C. § 1927 is clear and convincing evidence that sanctions are justified. *Weinstock v. Storm Tight Windows, Inc.*, 20-CV-60256, 2021 WL 3239460, at *6 (S.D. Fla. July 20, 2021*), report and recommendation adopted,* 20-60256, 2021 WL 3203536 (S.D. Fla. July 28, 2021); *GE Med. Sys. S.C.S. v. SYMX Healthcare Corp.*, 18-CV-20922, 2021 WL 821433, at *20 (S.D. Fla. Mar. 4, 2021); *In re Engle Cases*, 283 F. Supp. 3d 1174, 1225 (M.D. Fla. 2017). It is within the Court's discretion to award fees under 28 U.S.C. § 1927 or under the Court's inherent authority. *See United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir.2004) (en banc) ("The application of an abuse-of-discretion review recognizes the range of possible conclusions the trial judge may reach.").

A motion seeking sanctions under the Court's inherent powers or 28 U.S.C. § 1927 requires a showing of bad faith conduct. *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020) (citing *Hernandez v. Acosta Tractors Inc.*, 898 F.3d 1301, 1306 (11th Cir. 2018)). "In the context of inherent powers, the party moving for sanctions must show *subjective* bad faith." *Id.* (citing *Hernandez*, 898 F.3d at 1306; *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017)). Whereas under 28 U.S.C. § 1927, the party moving for sanctions must show *objective* bad faith. *Id.* (citing *Amlong*, 500 F.3d at 1239–41). Although there are different standards and criteria for establishing bad faith under 28 U.S.C. § 1927 and the Court's inherent authority, it is clear that if the Court lacks discretion to sanction Mr. Sullivan pursuant to 28 U.S.C. § 1927, then the Court also lacks discretion to sanction him pursuant to the Court's inherent powers. *See Flores v. Park W. Parking LLC*, 06-22055-CIV, 2008 WL 11409098, at *9 (S.D. Fla. Feb. 1, 2008) (this is "because the court's inherent power to issue sanctions for vexatious conduct by attorneys does not reach further than § 1927.") (quoting *Amlong*, 500 F.3d at 1239). Accordingly, the Undersigned will first turn to Liberty Life's argument for an award of attorney's fees against Mr. Sullivan pursuant to 28 U.S.C. § 1927.

Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To justify the grant of attorney's fees under 28 U.S.C. § 1927, the Court must find that (1) the attorney engaged in unreasonable and vexatious conduct; (2) such conduct multiplied the proceedings; and (3) the amount of the award does not exceed the costs, expenses, and attorney's

fees reasonably incurred due to such conduct. *Goode v. Wild Wing Cafe*, 588 Fed.Appx. 870, 874 (11th Cir. 2014) (citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)).

As stated *supra*, awarding fees pursuant to § 1927 requires clear and convincing evidence establishing objective bad faith conduct. *See Hyde*, 962 F.3d at 1310; *Weinstock*, 20-CV-60256, 2021 WL 3239460, at *6. A showing of objective bad faith "[u]sually, this means an attorney acted 'knowingly or recklessly.'" *Id.* (quoting *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003)). "The statute imposes a 'high standard' that requires the moving party to show that the other side engaged in behavior that 'grossly deviates from reasonable conduct.'" *Id.* (quoting *Amlong*, 500 F.3d at 1242). The Undersigned finds that the record does not contain clear and convincing evidence establishing objective bad faith conduct by Mr. Sullivan. Defendant has failed to sufficiently show objective bad faith on the part of Mr. Sullivan.

As a result, the Undersigned finds that Mr. Sullivan's behavior in this case does not warrant the impositions of sanctions under 28 U.S.C. § 1927. The Undersigned recognizes that Mr. Sullivan's haphazard briefing in this case may have contributed "multiplied [] proceedings[,];" however, the Undersigned finds there is insufficient evidence that Mr. Sullivan's conduct amounts to objective bad faith behavior warranting an award of fees against him under 28 U.S.C. § 1927.

Although the Eleventh Circuit ultimately affirmed the District Court's rejection of Peer's position, the Undersigned finds that Mr. Sullivan's legal position was not so frivolous that it "grossly deviates from reasonable conduct" to amount to objective bad faith conduct. In fact, the Undersigned notes that the Eleventh Circuit did not avail itself of the option to affirm the appeal summarily, and instead issued a six-page written opinion to address Mr. Sullivan's appeal. [DE 77]. Mr. Sullivan's seeking a determination of life insurance coverage pursuant to the plan's

Waiver of Premium provision and request for a declaration as to Peer's future eligibility must be viewed against the actions taken by Liberty Life. It was Liberty Life that initially made the decision to deny benefits to Peer and "[f]ive months after Peer filed her lawsuit, Liberty Life gave up: it reinstated her coverage and the waiver of premium benefit retroactive to the original termination date." [DE 97 at 5]. As a result, Liberty Life unilaterally declared Peer's case to be moot. Thereafter, upon finding the issues in this case to be moot, the Court could have dismissed this case upon denying the cross-motions for summary judgment as moot, leaving it to counsel to adequately raise further relief sought, if any. However, in an apparent abundance of caution, the District Court sought to ensure fairness to all parties to make certain the dispute between Peer and Liberty Life was now fully resolved. In so doing, the District Court ordered Peer to set forth any remaining determinations for the Court in light of the change in circumstances, if any, and based on Mr. Sullivan's insufficient and confusing arguments, the Court ultimately found none and closed the case.

Because of the very high bar to sanction an attorney for litigation choices, Mr. Sullivan's behavior and legal positions in this case do not warrant the impositions of sanctions under 28 U.S.C. § 1927 and should be denied. The record likewise lacks evidence that sanctions against Mr. Sullivan are appropriate under the inherent authority of this Court. Defendant has failed to sufficiently show subjective bad faith or objective bad faith conduct on the part of Mr. Sullivan. The Undersigned's independent review also reveals that the record in this case fails to establish that Mr. Sullivan engaged in objective bad faith behavior and also fails to establish subjective bad faith behavior. As a result, an award of sanctions pursuant to the Court's inherent authority is not warranted here either. *See Flores*, 06-22055-CIV, 2008 WL 11409098, at *9; *Amlong*, 500 F.3d at

1239; *see also Cordoba v. Dillard's, Inc*., 419 F.3d 1169, 1178 n.6 (11th Cir. 2005).

### III.   CONCLUSION AND RECOMMENDATION

In light of the foregoing, the Undersigned **FINDS** and **RECOMMENDS** that Defendants' Renewed and Restated Motion for Award of Attorney's Fees [DE 98] be **DENIED**.

### IV.   NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of January 2022.

*[signature]*
WILLIAM MATTHEWMAN
United States Magistrate Judge